**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ALEJANDRO MARTINEZ,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the Class,*

                Plaintiff,

  v.

SIEMBRA L.L.C.,
   d/b/a ENZO'S PIZZERIA
and ROBERTO COLLADO

                Defendants.

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, ALEJANDRO MARTINEZ (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this amended class and collective action Complaint against Defendants SIEMBRA L.L.C., d/b/a ENZO'S PIZZERIA (the "Corporate Defendant"), and ROBERTO COLLADO ("Individual Defendant") (each individually, "Defendant" or, collectively, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff ALEJANDRO MARTINEZ alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid overtime premium, (2) unpaid wages due to time shaving, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff MARTINEZ further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) failure to pay the prevailing minimum wage, (2) unpaid overtime premium, (3) unpaid wages due to time shaving, (4) unpaid spread of hours premium, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, ALEJANDRO MARTINEZ, is a resident of Queens County, New York.

6. Defendants collectively own and operate the Italian restaurant SIEMBRA L.L.C., d/b/a ENZO'S PIZZERIA located at 81-02 Rockaway Blvd. Ozone Park, NY 11416. The Restaurant is operated as a single integrated enterprise, under the control of the Individual Defendant.

7. Corporate Defendant, SIEMBRA L.L.C., d/b/a ENZO'S PIZZERIA, is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 81-02 Rockaway Blvd. Ozone Park, NY 11416.

8. Individual Defendant ROBERTO COLLADO is the principal and owner of the Corporate Defendant. ROBERTO COLLADO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. ROBERTO COLLADO frequently visits the Restaurant. ROBERTO COLLADO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant could complain to ROBERTO COLLADO directly regarding any of the terms of their employment, and ROBERTO COLLADO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ROBERTO COLLADO exercised functional control over the business and financial operations of all Corporate Defendants. ROBERTO COLLADO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

9. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiff ALEJANDRO MARTINEZ brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt front-of-house and back-of-house employees (including but not limited to delivery persons, servers, cashiers, porters, cooks, line-cooks, dough makers, food preparers, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

12.     At all relevant times, Plaintiff ALEJANDRO MARTINEZ and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff ALEJANDRO MARTINEZ and FLSA Collective Plaintiffs for all their worked hours due to time shaving, including their proper overtime premium at one and a half times the regular rate for all hours worked over forty (40) in a workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

14. Plaintiff MARTINEZ brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt front-of-house and back-of-house employees (including but not limited to delivery persons, servers, cashiers, porters, cooks, line-cooks, dough makers, food preparers, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failure to pay the prevailing minimum wage, (ii) failing to pay

overtime premium, (iii) failing to pay wages due to time-shaving, (iv) failing to pay spread of hours premium, (iv) failing to provide proper wage statements per requirements of the NYLL, and (v) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of the NYLL.

18. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff, and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will

be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law and applicable state laws;

b. What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d. Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

e. Whether Defendants operated their business with a policy of failing to pay Plaintiff and Class members the prevailing minimum wage as required by the NYLL;

f. Whether Defendants operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs and Class members overtime wages of one and a half;

g. Whether Defendants paid the spread of hours premium owed to employees working more than ten (10) hours per day as required by the NYLL;

h. Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

i. Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the NYLL and applicable state laws; and

j.  Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of the NYLL and applicable state laws.

## STATEMENT OF FACTS

23. In or around January 2020, Plaintiff ALEJANDRO MARTINEZ was hired by Defendants to work simultaneously as a cook, food preparer, and porter for Defendants' restaurant SIEMBRA L.L.C., d/b/a ENZO'S PIZZERIA located at 81-02 Rockaway Blvd., Ozone Park, NY 11416. Plaintiff was employed by Defendants until on or around June 27, 2021.

24. Since the beginning of his employment, Plaintiff MARTINEZ worked six (6) days per week, from 10:00 a.m. to 10:00 p.m. for a total of seventy-two (72) hours per workweek. During Plaintiff's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours.

25. During his employment with Defendants, Plaintiff Martinez was compensated as follows:

a) From in or around January 2020 to on or around June 19, 2021, Plaintiff was compensated at a rate of $13 per hour, below the prevailing minimum wage in New York City.

b) From on or around June 20, 2021, to June 27, 2021, Plaintiff was compensated at a rate of $14 per hour, below the prevailing minimum wage in New York City.

At all times, Plaintiff and Class members were paid below the prevailing minimum wage that Plaintiff and Class members were entitled to.

26. Throughout his employment with Defendants, Plaintiff MARTINEZ was compensated at a straight time hourly rate regardless of the number of hours worked in any given week, including his overtime hours. Defendants avoided paying Plaintiff MARTINEZ overtime premiums of one-and-half times his regular rate of pay for his hours worked in excess of forty (40) hours per week, as required under the FLSA and NYLL. Similarly, FLSA Collective Plaintiffs and Class members were not paid overtime premium when they worked overtime hours

27. Defendants failed to pay Plaintiff MARTINEZ for all his worked hours. Defendants had a policy of automatically deducting one (1) hour each workday for a meal break. However, Plaintiff MARTINEZ rarely took a full hour break, as he was routinely required to work though his meal break for at least four times per week. Due to this time shaving practice, Plaintiff MARTINEZ did not receive his proper compensation, including overtime. Similarly, Defendants automatically deducted FLSA Collective Plaintiffs and Class members one hour break.

28. Moreover, Defendants had a policy to request Plaintiff MARTINEZ to continue working after his shift ended. On a regular basis, Plaintiff MARTINEZ was required to work for at least one hour past his shift without receiving his proper compensation, including overtime. Similarly, FLSA Collective Plaintiffs and Class members were not properly compensated for off-the-clock work.

29. During his employment by Defendants, Plaintiff MARTINEZ regularly worked shifts exceeding ten (10) hours in duration. However, he never received any spread of hours premium for working such shifts, as required under the NYLL. Similarly, Class Members

regularly worked shifts exceeding ten (10) hours in duration and were never paid spread of hours premium.

30. Defendants never provided Plaintiff MARTINEZ with a proper wage statement in violation of the NYLL. Similarly, FLSA Collective Plaintiffs and Class members were provided with proper wage statements as required by the NYLL.

31. At no time during the relevant periods did Defendants provide Plaintiffs or Class members with proper wages notices, at the beginning of employment and annually thereafter as required by the NYLL.

32. Defendants knowingly and willfully operated their business with a policy of compensating employees, including Plaintiff and Class members, with wages below the prevailing minimum wage in violation of the NYLL.

33. Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime rate thereof for all hours worked to Plaintiff, FLSA Collective Plaintiffs, and Class members in violation of the FLSA and NYLL.

34. Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class member regular and overtime wages for all hours worked due to Defendants' time-shaving practices.

35. Defendants knowingly and willfully operated their business with a policy of not paying spread-of-hours premium to Plaintiffs and Class members, in violation of the NYLL.

36. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

37. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by the NYLL.

38. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiffs reallege Paragraphs 1 through 38 of this Class and Collective Action Complaint as fully set forth herein.

40. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

42. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

43. At all relevant times, Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

44. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs

should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

46. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

48. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime, plus an equal amount as liquidated damages.

49. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

50. Plaintiff reallege Paragraphs 1 through 49 of this Class and Collective Action Complaint as if fully set forth herein.

51. At all relevant times, Plaintiff and Class members were employed by the

Defendants within the meaning of the NYLL, §§ 2 and 651.

52. At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and Class members the NYC minimum wage.

53. Defendants failed to pay Plaintiff and Class members a minimum wage hourly compensation in the lawful amount for their hours worked.

54. Defendants willfully violated the rights of Plaintiff and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

55. Defendants failed to properly notify employees of their overtime rate, in direct violation of the NYLL.

56. Defendants willfully violated the rights of Plaintiff and Class members by practicing a policy of time-shaving, in violation of the NYLL.

57. Plaintiffs and Class members regularly worked days that exceeded ten (10) hours per day. Defendants willfully violated Plaintiff' and Class members' rights by failing to pay spread of hours premium to Plaintiff and Class members for each day their workday exceeded ten (10) hours.

58. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under the NYLL.

59. Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under the NYLL.

60. Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled

to recover from Defendants unpaid wages, unpaid overtime, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MARTINEZ, on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wage due under the NYLL;

d. An award of unpaid overtime compensation due under the FLSA and the NYLL;

e. An award of unpaid spread of hours premium due under the NYLL;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and spread of hours premium pursuant to the NYLL;

h. An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff MARTINEZ as Representatives of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff MARTINEZ as Representatives of the Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: October 7, 2021  
New York, New York

Respectfully submitted,

By: /s/ *CK Lee*

C.K. Lee, Esq.
**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 W. 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*